GRANT v. PHŒNIX LIFE INSURANCE COMPANY.

GRANT and Another v. SAME.

ORIGINAL MOTION IN TWO CAUSES PENDING IN THIS COURT ON AP
PEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted January 17, 1887. — Decided January 31, 1887.

In a suit for foreclosing a mortgage, it appearing that a receiver has
been appointed of the mortgaged premises, and that the mortgagor, ap-
pellant, is unable to pay the cost of printing the record on appeal, and
that there are rents and profits in the receiver's hands collected during
the pendency of the suit, the court orders the receiver to pay to the clerk
the sum estimated to be necessary to complete the cost of printing the
record.

THE following motion was filed in these cases:

"The above appellant [Grant] moves the honorable the Jus-
tices of the Supreme Court of the United States, that Brainard
H. Warner the receiver, appointed by the Supreme Court of the
District of Columbia in Equity Cause 4291, be directed to
turn over to the Clerk of this Honorable Court out of the
rents and profits in his hands the amount of $5500, for costs
accruing or to accrue, in the hearing of the cause, and for
counsel fees as set forth in the petition, for the following
reasons:

"First. Because the rents and profits are not mortgaged to
the appellee, and said appellee has no right nor just claims to
the fund in the hands of the said Warner.

"Second. Because the Supreme Court of the District of
Columbia in General Term, has once finally decided that said
rents and profits belong to the appellant, and discharged a re-
ceiver for that reason, and turned over the property and
funds to the appellant by the decree of said court.

"Third. Because at the time of the appointment of said
Warner, the cause stood precisely as it stood on February 12,
1878, when the court discharged the former receiver, and
because appellant was refused a hearing by the court below

on said appointment which was made by an interlocutory order and not being continued in the final decree of June 15, 1883, said appointment was superseded thereby.

"Fourth. Because the appellee has delayed the cause for many years by violating the rules and practices of the court, and thereby has caused the destruction of the property and loss of the rents and profits.

"Fifth. Because without receiving the amount prayed for in his petition, appellant will not be able to properly present his case to your Honorable Court, and will thus be prevented from obtaining the right and justice to which he is entitled.

"Sixth. Because of many other manifest reasons appearing of record and set forth in the petition."

Leave was granted to both sides to file briefs.

*Mr. H. W. Blair* for the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

| | |
|---|---:|
| We find that the cost of printing the record in No. 165 has been | $1327.00 |
| and that the estimated clerk's fees in the same case are | 900.00 |
| In all | $2227.00 |

Of this the appellant has paid :

| | | |
|---|---:|---:|
| 1. To the printer | $552 | |
| 2. To the clerk | 400 | 952.00 |
| Leaving a balance of | | $1275.00 |

which the appellant represents himself as unable to pay, and the printer will not allow the requisite number of the printed copies to be delivered for use at the hearing until his claim is satisfied. The money in the hands of the receiver has been collected from the rents of the mortgaged property during the pendency of the suit. We, therefore, direct that there be paid by the receiver to the clerk of this court the sum of $1275, to be by him used in payment of the amount now due for printing the record, and the amount of his own taxable fees in the

case, not already paid by the appellant. A copy of this order may be certified to the court below so that it may be carried into effect by an appropriate order of that court upon the receiver.

The motion papers now on file do not show that the matters involved in the appeal in No. 1201 are of a character to make it proper to direct that the clerk's costs and the expense of printing the record in that case be paid by the receiver. Except as to the payment of clerk's fees and printer's charges in No. 165 as above, the motions are overruled.

*Motion granted in part and denied in part as to first suit; and denied as to second.*